**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CENTURION SERVICE GROUP, LLC an Illinois limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | CASE NO. 12-cv-09318 |
| vs. | ) ) ) | Honorable Amy J. St. Eve |
| SBMC HEALTHCARE, LLC, a Texas limited liability company, MCVEY & CO. INVESTMENTS, LLC, a Texas limited liability company, MARTY L. MCVEY a Texas Resident, and RICHARD S. GARFINKEL, a Texas resident, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS MCVEY & CO. INVESTMENTS, LLC, MARTY L. MCVEY AND RICHARD S. GARFINKEL'S MOTION TO DISMISS**

Defendants McVey & Co. Investments, LLC ("McVey LLC"), Marty L. McVey ("McVey") and Richard S. Garfinkel ("Garfinkel" and collectively "Defendants") pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3), move this Court to dismiss all claims against them due to lack of personal jurisdiction and improper venue, alternatively, move to dismiss on the basis of *forum non conveniens*, or move to transfer on *forum non conveniens* grounds pursuant to 28 U.S.C. §§1404 and in support of said motion would respectfully show as follows:

**I.**

**SUMMARY OF ARGUMENT**

1. Defendants seek the dismissal of these claims based upon a lack of personal jurisdiction and improper venue. McVey, LLC, McVey and Garfinkel lack sufficient minimum contacts with the State of Illinois and thus no *in personam* jurisdiction exists. Further, Plaintiff's

1

complaint fails to state a basis for personal jurisdiction under the long arm statute. Instead, Plaintiff's complaint clearly enumerates Defendants' relation to Texas -- as opposed to Illinois -- such as Defendants' residences and principal place of business. Further, Defendants' affidavits attached to the Memorandum of Law, and incorporated herein for all purposes, demonstrate that Defendants do not transact business, perform a contract or deliver products in Illinois.

2.  Defendants also urge a dismissal based upon lack of improper venue. In order for venue to proper in this case, Defendants would have to reside in Illinois. Nevertheless, Defendants confirm quite the opposite, that they reside in Texas.

3.  In the alternative, Defendants request dismissal pursuant to *forum non conveniens* or request the transfer of the case to the Southern District of Texas. Here, it is proper to dismiss as Plaintiff's choice of forum is "oppressive and vexatious to the defendant(s), out of all proportion to plaintiff's convenience." *In re Bridgestone/Firestone, Inc., Tires Product Liability Action*, 420 F.3d 702,703 (7th Cir. 2005). Defendants request the Court dismiss the case for lack of in personam jurisdiction. Alternatively, Defendants seek dismissal of the case on the basis of *forum non conveniens,* or a transfer the case to the Southern District of Texas.

## II.

## ARGUMENT AND AUTHORITIES

**A.  The Complaint should be Dismissed for Lack of Personal Jurisdiction**

4.  There exists no personal jurisdiction with respect to McVey, LLC, McVey and Garfinkel. A Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction tests whether a federal court has personal jurisdiction over a defendant. Fed. R. Civ. P. 12(b)(2); *Edelson v. Ch'ien,* 352 F.Supp.2d 861, 865 (N.D. Ill. 2005). A federal court's exercise of personal jurisdiction over a non-resident defendant is proper "only if a court of the state in which it sits

would have such jurisdiction." *Klump v. Duffus,* 71 F.3d 1368, 1371 (7th Cir. 1995). The Illinois long-arm statute, 735 ILCS 5/2-209, provides a list of enumerated acts that, when committed, subject the actor to personal jurisdiction in Illinois. *See Edelson,* 352 F.Supp.2d at 866. Courts traditionally require that to be subject to jurisdiction, a defendant/actor must have an intent to affect Illinois interests. *Heritage House Restaurants, Inc. v. Continental Funding Group, Inc.,* 906 F.2d 276, 282 (7th Cir. 1990).

5. The federal constitutional test for personal jurisdiction requires that the defendant have minimum contacts with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 5 (1945). Under this test, it is essential that the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thereby both the benefits and protections of the state. *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 2, L.Ed.2d 1283 (1958).

6. McVey LLC, McVey and Garfinkel lack the sufficient minimum contacts with the State of Illinois and as a result there is no personal jurisdiction. Except for vague assertions, Plaintiff fails to enumerate and analyze any of the minimum contacts that Defendants allegedly have with the State of Illinois. By contrast, Defendants can establish that they are located in Texas, incorporated in Texas, and do not transact business within Illinois.

7. Under the federal constitutional "minimum contacts" standard, personal jurisdiction over McVey LLC, McVey and Garfinkel is lacking. Absent personal jurisdiction under the Illinois long-arm statute and the federal constitutional "minimum contacts" test, Plaintiff's claims against these Defendants must be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

**B.     The Complaint should be Dismissed for Improper Venue**

8.     A complaint must also be dismissed pursuant to Rule 12(b)(3) where venue is not proper in the district in which the action was filed for all defendants and claims. Fed. R. Civ. P. 12(b)(3). None of the venue provisions apply to Defendants. Venue is only proper under the three limited circumstances set forth in § 1391(b): "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

9.     In order for venue to be proper, each defendant would have to reside in Illinois. 28 U.S.C. § 1391(b)(1).   Given the parties' substantial contacts with the State of Texas and the absence of significant and ongoing contacts in Illinois, § 1391(b)(3) is inapplicable. Here, none of the relevant events giving rise to this action took place in Illinois and no property that is a subject of the action is situated here.  Plaintiff has not alleged that Defendants conduct any business activities in Illinois, or maintain any property in Illinois.  For these reasons, the case should be dismissed.

**C.     The Complaint should be Dismissed based on *Forum Non Conveniens***

10.     Additionally, in the event that the Court does find that it has jurisdiction over Defendants, the doctrine of *forum non conveniens* permits the dismissal of the claims against these Defendants.  Under *forum non conveniens*, a federal court can dismiss a suit if it best serves the ends of justice and convenience of the parties. *In re Bridgestone/Firestone, Inc., Tires Product Liability Action,* 420 F.3d 702, 703 (7th Cir. 2005).

11. Requiring Defendants to defend this suit in the Northern District of Illinois would be both oppressive and vexatious to a degree far outweighing any convenience to Centurion. None of the allegations of wrongdoing occurred in Houston, Texas. Further, many of the relevant witnesses (including the Defendants) are located in Houston.

12. An available and alternative forum is present in Houston, Texas. Defendants meet all of the requirements necessary for dismissal under this doctrine. The ends of justice and the convenience of the parties and witnesses to this suit are best served by dismissal of the claims against these Defendants under the doctrine of *forum non conveniens*.

**D.     In the Alternative, the Case should be Transferred**

13. Defendants request alternatively, that this case be transferred to the Southern District of Texas pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

14. Courts view the convenience of the witnesses as the most important factor in determining whether transfer is appropriate. *Mercantile Capital Partners v. Agenzia Sports, Inc.*, No. 04-5571, 2005 WL 351926, *6 (N.D. Ill. Feb. 10, 2005). Not only do the majority of the potential witnesses reside in Texas, the majority of the relevant documentary evidence is located in Texas. Clearly, it is proper to transfer this case to the Southern District of Texas.

## **CONCLUSION**

WHEREFORE, PREMISES CONSIDERED, Defendants McVey & Co. Investments, LLC, Marty McVey and Richard Garfinkel respectfully request that this Court dismiss Defendants from this action, or in the alternative, transfer the case against these Defendants to

5

the Southern District of Texas, and grant Defendants such other and further relief to which they may show themselves entitled.

Dated: December 27, 2012	Respectfully submitted,

MCVEY & CO. INVESTMENTS LLC,
MARTY L. MCVEY, AND
RICHARD S. GARFINKEL,

By:   */s/ Millard A. Johnson*
Millard A. Johnson (*admitted pro hac vice*)

State Bar No. 10772500
(*mjohnson@jdkglaw.com*)
Christopher L. Johnson (*admitted pro hac vice)*
SBT No.  24069999
(*cjohnson@jdkglaw.com*)
4 Houston Center
1221 Lamar, Suite 1000
Houston, Texas 77010
(713) 652-2525 (p)

John F. Kloecker
(*jkloecker@lockelord.com*)
Kevin A. Wisniewski
(*kwisniewski@lockelord.com*)
LOCKE LORD LLP
Chicago, Illinois 60606
312-443-0613 (p)

**CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing instrument has been served upon the following counsel for the Plaintiffs on this 27th day of December, 2012, via United States certified mail, return receipt requested and via the Court's ECF/PACER system:

                ____/s/ *Christopher L. Johnson*____
                Christopher L. Johnson