**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CENTURION SERVICE GROUP, LLC | ) | |
| an Illinois limited liability company, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 12-cv-09318 |
| | ) | |
| vs. | ) | |
| | ) | Honorable Amy J. St. Eve |
| | ) | |
| SBMC HEALTHCARE, LLC, a Texas | ) | |
| limited liability company, MCVEY & CO. | ) | |
| INVESTMENTS, LLC, a Texas limited | ) | |
| liability company, MARTY L. MCVEY | ) | |
| a Texas Resident, and | ) | |
| RICHARD S. GARFINKEL, | ) | |
| a Texas resident, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS MCVEY & CO.**
**INVESTMENTS, LLC, MARTY L. MCVEY AND RICHARD S. GARFINKEL'S**
**MOTION TO DISMISS**

Defendants McVey & Co. Investments, LLC ("McVey LLC"), Marty L. McVey ("McVey") and Richard S. Garfinkel ("Garfinkel" and collectively "Defendants") pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3), move this Court to dismiss all claims against them due to lack of personal jurisdiction and improper venue, or, alternatively, move to dismiss on *forum non conveniens* grounds, or move to transfer on *forum non conveniens* grounds pursuant to 28 U.S.C. §§1404 and would respectfully show as follows:

**BACKGROUND**

1.      On November 23, 2012, Plaintiff Centurion Service Group, LLC ("Plaintiff or "Centurion") filed its Amended Verified Complaint alleging breach of contract, declaratory relief and fraud.  The basis of this lawsuit is an Agreement for the sale and auction of medical

equipment located at Spring Branch Medical Center in Houston, Texas between Defendant SBMC Healthcare, LLC ("SBMC") and Centurion (the "Agreement"). McVey LLC, McVey and Garfinkel were not parties to the Agreement. The Agreement contained a forum selection clause designating Cook County, Illinois as the appropriate forum for disputes under the Agreement between Centurion and SBMC. The forum selection clause is the sole basis for jurisdiction over SBMC in this forum.

2.      On April 30, 2012, SBMC filed for bankruptcy in the bankruptcy court for the Southern District of Texas, Houston Division.

3.      In connection with the execution of the Agreement between SBMC and Centurion, McVey and Garfinkel each signed a personal guarantee. The guarantees were later waived by Centurion as part of a compromise between Centurion and SBMC in the SBMC bankruptcy. Unlike the Agreement, the guaranties did not contain a forum selection clause. The guaranties were negotiated and executed in Houston, Texas.

4.      Although Centurion is an Illinois entity, the transaction between SBMC and Centurion took place entirely in Houston, Texas. The sale and auction of SBMC's medical equipment as contemplated by the Agreement took place at Spring Branch Medical Center in Houston, Texas where the equipment sold was located. In fact, sold items were required to be physically removed from the premises in Houston. Centurion also bought some equipment and picked it up at SBMC in Houston, Texas.

5.      The money paid by Centurion both initially and after the sale was paid to SBMC in Texas. Finally, Centurion committed a tort in Texas at SBMC's facility when it failed to properly supervise, through its designated representative Derek Irvin, insure and protect SBMC in the removal of equipment from SBMC's radiology center.

2

6.      Paragraph 3 of Plaintiff's Amended Verified Complaint alleges that McVey LLC is a Texas limited liability company with its principal place of business in Houston, Texas. McVey LLC is the manager of SBMC.

7.      Paragraph 4 of Plaintiff's Amended Verified Complaint alleges that McVey is a citizen of the State of Texas and resides in Houston, Texas.  McVey is the Chief Executive Officer of McVey LLC and SBMC.

8.      Paragraph 5 of Plaintiff's Amended Verified Complaint alleges that Garfinkel is a citizen of the State of Texas and resides in Houston, Texas.

9.      Attached hereto as Exhibits A and B are the affidavits of Marty McVey and Richard Garfinkel.  These affidavits establish that McVey LLC, McVey and Garfinkel:

     a.   have not transacted any business in Illinois;

     b.   have not committed any tortious acts in Illinois, including but not limited to any discernible action that would form an element of a tortious act;

     c.   have not owned, used, or possessed any real estate in Illinois;

     d.   have not contracted to insure any person, property, or risk located within Illinois;

     e.   has not made or performed any contract or promise connected with Illinois;

     f.   have not acquired any ownership, possession or control of any asset or thing of value present within Illinois at such time that such asset or thing was acquired;

g.  have not breached any fiduciary duty within Illinois, including but not limited to any discernible action that would form an element of either the formation or the breach of a fiduciary duty;

h.  do not own an interest in any trust administered within Illinois;

i.  do not exercise any powers granted under the authority of the State of Illinois; and

j.  is not a corporation chartered under the laws of Illinois.

10.    Two of the counts in Plaintiff's Complaint are directed to Defendants. These two counts are Count II for declaratory judgment against McVey and Garfinkel, and Count III for fraud against Defendants. In this Motion, Defendants request the dismissal of these claims based upon a lack of personal jurisdiction and improper venue. In the alternative, Defendants request dismissal pursuant to *forum non conveniens* or transfer of the case to the Southern District of Texas.

## ARGUMENT AND AUTHORITIES

**A.    The Complaint should be Dismissed for Lack of Personal Jurisdiction**

11.    As the Supreme Court has repeatedly cautioned, federal district courts may only adjudicate claims where the Court has "jurisdiction over the person of defendant." *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100, 110 (1969). A Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction tests whether a federal court has personal jurisdiction over a defendant. Fed. R. Civ. P. 12(b)(2); *Edelson v. Ch'ien,* 352 F.Supp.2d 861, 865 (N.D. Ill. 2005). A federal court's exercise of personal jurisdiction over a non-resident defendant is proper "only if a court of the state in which it sits would have such jurisdiction." *Klump v. Duffus,* 71 F.3d 1368, 1371 (7th Cir. 1995). As a result, a federal court's exercise of personal jurisdiction over a

4

non-resident defendant must comport with both state statutory law and federal constitutional law. *RAR*, *Inc. v. Turner Diesel, Ltd.,* 107 F.3d 1272, 1276 (7th Cir. 1997).

12.     The Illinois long-arm statute, 735 ILCS 5/2-209, provides a list of enumerated acts that, when committed, subject the actor to personal jurisdiction in Illinois.  *See Edelson,* 352 F.Supp.2d at 866.  When construing this statute, courts traditionally require that to be subject to jurisdiction, a defendant/actor must have an intent to affect Illinois interests.  *Heritage House Restaurants, Inc. v. Continental Funding Group, Inc.,* 906 F.2d 276, 282 (7th Cir. 1990).  For example, under the enumerated act of "doing business" in Illinois at 735 ILCS 5/2-209(b)(1), the standard for establishing personal jurisdiction is "quite high and requires a showing that the defendant is conducting business of such a character and extent ...[amounting to] a fair measure of permanence and continuity." *See Palen v. Daewoo Motor Co., Ltd.,* 358 Ill. App. 3d 649, 659, 832 N.E.2d 173, 183 (1st Dist. 2005) (quoting *Alderson v. Southern Co.*, 321 Ill. App. 3d 832, 848-49, 747 N.E.2d 926 (1st Dist. 2005)).  Likewise, under the enumerated act of committing a tortious act within the state at 735 ILCS 5/2-209(a)(2), in instances where the alleged injury flowing from the actor's tort is economic, *the plaintiff must show more than just that the harm was felt in Illinois.  See Edelson,* 352 F.Supp.2d at 866.

13.     The federal constitutional test for personal jurisdiction requires that the defendant have minimum contacts with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 5 (1945).  This test is administered in two phases: the presiding court first determines whether a non-resident defendant has purposefully established minimum contacts with the forum state, and if so, then determines whether it is fair and reasonable to exercise jurisdiction over that non-resident defendant given its particular

5

situation. *Burger King Corp. v. Rudciewicz* 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed. 2d 528 (1985). Under the first phase of this test, it is essential that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 2, L.Ed.2d 1283 (1958).

14.     Here, personal jurisdiction does not exist over McVey LLC, McVey and Garfinkel because they lack sufficient minimum contacts with the State of Illinois. This can be demonstrated by comparing the allegations in the Complaint with the information set out in this Motion and the supporting affidavits. Other than the vague and conclusory group allegation at paragraph 8 of the Complaint averring that "some part or all of the transactions that are the subject of the within action occurred in the Northern District of Illinois," Plaintiff's Complaint sets forth no basis for personal jurisdiction over McVey LLC, McVey or Garfinkel under the Illinois long-arm statute or otherwise. In contrast, in this Motion, Defendants have come forth with affidavits establishing that these Defendants do not engage in any of the enumerated activities found in the Illinois long-arm statute that would subject them to personal jurisdiction. The affidavits further establish that Defendants are located in Texas, incorporated in Texas, have no offices elsewhere in the U.S., do not transact business within Illinois, and did not make or perform a contract with Centurion in Illinois, or deliver any products or services to Centurion in Illinois. This showing sufficiently demonstrates that personal jurisdiction over these Defendant under the Illinois long-arm statute, 735 ILCS 5/2-209, is lacking.

15.     And as a matter of constitutional law, the attached affidavits illustrate that these Defendants are not subject to personal jurisdiction under the *International Shoe/Burger King Corp.* minimum contacts test. They show that Defendants have not purposefully established

contacts with Illinois or involved itself with privileges, protections, or interests in Illinois, with respect to any former transactions with Centurion, or otherwise.  Under the federal constitutional "minimum contacts" standard, personal jurisdiction over McVey LLC, McVey and Garfinkel is lacking.  Absent personal jurisdiction under the Illinois long-arm statute and the federal constitutional "minimum contacts" test, Plaintiff's claims against these Defendants must be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

**B.     The Complaint should be Dismissed for Improper Venue**

16.     A complaint must also be dismissed pursuant to Rule 12(b)(3) where venue is not proper in the district in which the action was filed for all defendants and claims.  Fed. R. Civ. P. 12(b)(3).  Like personal jurisdiction, the plaintiff bears the burden of establishing venue. *Grantham v. Challenge-Cook Bros, Inc.,* 420 F.2d 1182, 1184 (7th Cir. 1969).

17.     Here, the lawsuit must be dismissed under Rule 12(b)(3) because venue is improper.  In a case where federal jurisdiction is alleged solely on the basis of diversity of citizenship (as is the case here), venue is only proper under the three limited circumstances set forth in § 1391(b): "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(b).  None of these circumstances apply to the defendants in this case.

18.     For venue to be proper in this district under § 1391(b)(1), each defendant would have to reside in Illinois.  28 U.S.C. § 1391(b)(1).[1]  None of the Defendants, however, does so.

---

[1] Defendant SBMC Healthcare, LLC is subject to this venue by virtue of a contractual forum selection clause to which no other defendant is a party. It is anticipated that Plaintiff will argue that the guaranty agreements "piggy-

Under § 1391(b)(3), venue is proper in a district where any defendant may be found. 28 U.S.C. § 1391(b)(3). This section's application is limited to instances when there is no other district in which the action may otherwise been brought and, thus, can only be used when venue fails under §1391(b)(1) and § 1391(b)(2). *Id.* Given the parties' substantial contacts with the State of Texas and the absence of significant and ongoing contacts in Illinois, § 1391(b)(3) is inapplicable.

19.     Finally, venue may be proper under § 1391 (b)(2) if it is found that substantial events giving rise to the action occurred within the subject district or a substantial part of the property that is the subject of the action is situated within the district. 28 U.S.C. § 1391(b)(3). The test under 28 U.S.C. 1391(b)(2) focuses on the location of the events giving rise to the cause of action. *Master Tech Prods., Inc. v. Smith,* 181 F.Supp.2d 910, 913 (N.D. Ill. 2002). To be "substantial," the events that occurred in the forum district must be a part of the historical predicate of the claim. *Id.* at 914.

20.     In this case, none of the relevant events giving rise to this action took place in Illinois and no property that is a subject of the action is situated here. As mentioned, all three moving defendants reside in Texas. Each of the Complaint's substantive allegations of wrongdoing took place outside Illinois. Plaintiff has not alleged that Defendants conduct any business activities in Illinois, or maintain any property in Illinois. For these reasons, along with those stated in connection with Defendants' 12(b)(2) motion to dismiss for lack of personal jurisdiction, venue is improper in this District and the action should be dismissed under 12(b)(3).

---

back" the forum selection clause contained in the contract. However, the guaranties themselves, drafted and presented by Plaintiff, contain a choice of law provision the same as the principal contract, but is silent as the forum selection. If anything, this evidences the intent of the parties not to choose Illinois as the forum.

**C.      The Complaint should be Dismissed based on *Forum Non Conveniens***

21.      Additionally, in the event that the Court does find that it has jurisdiction over Defendants, the doctrine of *forum non conveniens* permits the dismissal of the claims against these Defendants.  Under the doctrine of *forum non conveniens*, a federal court can "dismiss a suit over which it would normally have jurisdiction if it best serves the convenience of the parties and the ends of justice." *In re Bridgestone/Firestone, Inc., Tires Product Liability Action,* 420 F.3d 702, 703 (7th Cir. 2005).  It is proper to dismiss under this doctrine when the plaintiff's choice of forum is "oppressive and vexatious to the defendant, out of all proportion to the plaintiff's convenience." *Id.*

22.      A requirement to the court's dismissing the suit as inconvenient is that an alternative forum is both available and adequate. *Kamel v. Hill-Rom Co.,* 108 F.3d 799, 802 (7th Cir. 1997).  A forum is available if "all parties are amenable to process and are within the forum's jurisdiction." *Id.* at 803.  An alternative forum is adequate if "the parties will not be deprived of all remedies or treated unfairly [in that venue]." *Id.*

23.      Once the existence of an adequate alternative forum has been established, the court must "weigh[] various private and public interest factors." *Bridgestone/Firestone,* 420 F.3d at 704.  The private interest factors include the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling . . . witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Id.*  The public interest factors include the administrative difficulties in handling litigation in congested courts instead of at the origin of the controversy, the burden on a community of jury duty when the community has no relation to the litigation, and the benefit of deciding "localized controversies... at home," in a venue whose

law will govern the case. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508-09, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947), *superceded by statute on other grounds*.

24.     The convenience of the parties and the ends of justice would best be served by this Court dismissing the action on *forum non conveniens* grounds. Requiring Defendants to defend this suit in the Northern District of Illinois would be both oppressive and vexatious to a degree far outweighing any convenience to Centurion.

25.     As set forth previously, McVey LLC is incorporated in Texas with its principal places of business in Houston, Texas. Garfinkel and McVey are both citizens of the State of Texas and reside in Houston, Texas. All of the allegations of wrongdoing occurred in Houston, Texas, meaning that many of the relevant witnesses (including the Defendants) are located in Houston.

26.     An available and alternative forum is present in Houston, Texas. Defendants are amenable to process and within the jurisdiction of that court and Plaintiff will not be deprived of remedies or treated unfairly there.

27.     Both public and private factors weigh in favor of dismissal from this Court on the basis of *forum non conveniens*. Accessing proof will be less difficult in Texas and compulsory attendance for unwilling witnesses would be more available in that forum as well. Additionally, the alleged wrongdoing has entirely occurred in Houston, Texas and not in Illinois and the local community in Houston has a closer relation to the litigation.

28.     Defendants meet all of the requirements necessary for dismissal under this doctrine. The ends of justice and the convenience of the parties and witnesses to this suit are best served by dismissal of the claims against these Defendants under the doctrine of *forum non conveniens*.

D.      **In the Alternative, the Case should be Transferred**

29.     For each of the three reasons stated above, this Court should dismiss this case. Even if this Court disagrees, finding both personal jurisdiction and venue to be proper and *forum non conveniens* to be inapplicable, Defendants then request, in the alternative, that this case be transferred to the Southern District of Texas pursuant to 28 U.S.C. § 1404(a).  Section 1404(a) provides "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  Accordingly, defendants move, in the alternative, to transfer this action pursuant to Section 1404(a).

30.     Even if the plaintiff has chosen a court that has personal jurisdiction over defendant, subject matter jurisdiction over defendant, and venue, the court may refuse to hear the case if it determines that the court is an inappropriate forum.  In assessing a motion to transfer, the Court must consider the statutory factors in light of all of the circumstances of the case.  The weight accorded to each factor is committed to the sound discretion of the Court.  *Schwarz v. National Van Lines, Inc.,* 317 F.Supp.2d 829, 833-34 (N.D.Ill. 2004).  In determining whether to transfer venue, the Court seeks to promote the efficient administration of justice along with the private interests of the parties.  *Young v. First Kentucky Bancorp, Inc.,* No. 94-3172, 1994 WL 710775, *2 (N.D. Ill. Dec. 16, 1994).  Among the private interests that may warrant the transfer of venue include plaintiff's initial choice of forum; the relative ease of access to sources of proof, the availability of compulsory process for the attendance of unwilling witnesses, and the cost of obtaining the attendance of witnesses.  *Id.*

31.     Plaintiff's choice of forum "is simply one factor among many."  *Young,* 1994 WL 710775, at *2 (citing *Club Assistance Program v. Zukerman,* 598 F.Supp. 734, 736 (N.D. Ill

11

1984)).  Courts view the convenience of the witnesses as the most important factor in determining whether transfer is appropriate.  *Mercantile Capital Partners v. Agenzia Sports, Inc.,* No. 04-5571, 2005 WL 351926, *6 (N.D. Ill. Feb. 10, 2005).  The majority of the witnesses that would potentially testify in this case (including the Defendants) reside in Texas.  The majority of the relevant documentary evidence is located in Texas.  Finally, as noted, the location of the material events giving rise to this action center on Houston, Texas.  None of these events took place in Illinois.

32.     In addition to the private interests of the parties, courts also consider whether the public interests of justice may warrant transfer.  *Young,* 1994 WL 710775, at *3.  As stated in *Young,* "the administration of justice will be served more efficiently when the action is brought before a court that is 'closer to the action.'" *Id.* (citing *Paul v. Land's End, Inc.,* 742 F.Supp. 512, 514 (N.D. Ill. 1990)).  As noted throughout these papers and as is clearly evident from the complaint in this case, "the action" relevant to this suit took place in Texas, certainly not Illinois. Clearly, it is proper to transfer this case to the Southern District of Texas.

## CONCLUSION

Defendants McVey & Co. Investments, LLC, Marty McVey and Richard Garfinkel respectfully request that this Court dismiss Defendants from this action, or in the alternative, transfer the case against these Defendants to the Southern District of Texas, and grant Defendants such other and further relief to which they may show themselves entitled.


Dated: December 27, 2012                    Respectfully submitted,

                                            MCVEY & CO. INVESTMENTS LLC,
                                            MARTY L. MCVEY, AND
                                            RICHARD S. GARFINKEL,

By:   */s/ Millard A. Johnson*
Millard A. Johnson (*admitted pro hac vice*)

State Bar No. 10772500
(*mjohnson@jdkglaw.com*)
Christopher L. Johnson (*admitted pro hac vice*)
SBT No. 24069999
(*cjohnson@jdkglaw.com*)
4 Houston Center
1221 Lamar, Suite 1000
Houston, Texas 77010
(713) 652-2525 (p)

John F. Kloecker
(*jkloecker@lockelord.com*)
Kevin A. Wisniewski
(*kwisniewski@lockelord.com*)
LOCKE LORD LLP
Chicago, Illinois 60606
312-443-0613 (p)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served upon the following counsel for the Plaintiffs on this 27th day of December, 2012, via the Court's ECF/PACER system:

_____/s/  *Christopher L. Johnson*_____
Christopher L. Johnson