UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTURION SERVICE GROUP, LLC an Illinois limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | CASE NO. 12-cv-09318 |
| vs. | ) ) ) | Honorable Amy J. St. Eve |
| SBMC HEALTHCARE, LLC, a Texas limited liability company, MCVEY & CO. INVESTMENTS, LLC, a Texas limited liability company, MARTY L. MCVEY a Texas Resident, and RICHARD S. GARFINKEL, a Texas resident, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT SBMC HEALTHCARE, LLC'S MOTION TO DISMISS, OR IN THE ALTERNATIVE MOTION TO TRANSFER**

Defendant SBMC Healthcare, LLC ("SBMC" or "Defendant"), moves this Court to dismiss this action on *forum non conveniens* grounds, or moves to transfer pursuant to 28 U.S.C. §1404 and would respectfully show as follows:

**I.
Summary of the Argument**

1. The objective of this motion is to avoid duplicative, piecemeal litigation. The forum selection clause is the sole basis for jurisdiction over SBMC in this forum. However, the transaction between SBMC and Centurion took place entirely in Houston, Texas. Centurion itself also bought some of the equipment and picked it up at SBMC in Houston, Texas.

1

2.      Therefore, in the interests of justice and judicial economy, Defendant SBMC requests dismissal of this action pursuant to *forum non conveniens* or transfer of the case to the Southern District of Texas to avoid piecemeal, duplicative litigation in this forum.

## II.
## Argument and Authorities

**A.    The Complaint should be Dismissed based on *Forum Non Conveniens***

3.      Under *forum non conveniens,* court may dismiss a case if it best serves the ends of justice and the convenience of the parties. *In re Bridgestone/Firestone, Inc., Tires Product Liability Action,* 420 F.3d 702, 703 (7th Cir. 2005). Requiring SBMC to defend this suit in the Northern District of Illinois would be both oppressive and vexatious to a degree far outweighing any convenience to Centurion. Forcing one Defendant, SBMC to proceed in this forum will lead to piecemeal litigation generally disfavored among the district courts.

4.      All of the Plaintiff's allegations of wrongdoing occurred in Houston, Texas. SBMC meets all of the requirements necessary for dismissal under this doctrine to an appropriate forum. The ends of justice and the convenience of the parties are best served by dismissal of the claims against SBMC.

**B.    In the Alternative, the Case should be Transferred**

5.      Alternatively, SBMC requests that this case be transferred to the Southern District of Texas pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

6.      Virtually all of the witnesses that would potentially testify in this case (including the Defendants) reside in Texas. Importantly, the location of the material events giving rise to this action center on Houston, Texas. Clearly, it is proper to transfer this case to the Southern

District of Texas. If SBMC is required to remain in this forum, it will lead to duplicative, piecemeal litigation which requires two different courts to determine that same issues and waste judicial resources.

Defendant SBMC Healthcare, LLC respectfully requests that this Court dismiss it from this action, or in the alternative transfer the case against it to the Southern District of Texas, and grant Defendant such other and further relief to which it may show itself justly entitled.

Dated: December 27, 2012

Respectfully submitted,

JOHNSON DELUCA KURISKY & GOULD
A Professional Corporation

By: */s/ Millard A. Johnson*
Millard A. Johnson
State Bar No. 10772500
mjohnson@jdkglaw.com
Christopher L. Johnson
SBT No. 24069999
cjohnson@jdkglaw.com
4 Houston Center
1221 Lamar, Suite 1000
Houston, Texas 77010
(713) 652-2525 – Telephone

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been served upon the following counsel for the Plaintiffs on this 27th day of December, 2012, via the Court's ECF/PACER system:

____/s/ *Christopher L. Johnson*____
Christopher L. Johnson