**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CENTURION SERVICE GROUP, LLC an Illinois limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | CASE NO. 12-cv-09318 |
| vs. | ) ) ) | Honorable Amy J. St. Eve |
| SBMC HEALTHCARE, LLC, a Texas limited liability company, MCVEY & CO. INVESTMENTS, LLC, a Texas limited liability company, MARTY L. MCVEY a Texas Resident, and RICHARD S. GARFINKEL, a Texas resident, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SBMC HEALTHCARE, LLC'S MOTION TO DISMISS, OR IN THE ALTERNATIVE MOTION TO TRANSFER**

Defendant SBMC Healthcare, LLC ("SBMC" or "Defendant"), moves this Court to dismiss this action on *forum non conveniens* grounds, or moves to transfer pursuant to 28 U.S.C. §1404 and would respectfully show as follows:

**I.**
**Background**

1. On November 26, 2012, Plaintiff Centurion Service Group, LLC ("Plaintiff" or "Centurion") filed its Amended Verified Complaint complaining of four different defendants. The objective of this motion is to avoid duplicative, piecemeal litigation.

2. The basis of this lawsuit is an Agreement for the sale and auction of medical equipment located at Spring Branch Medical Center in Houston, Texas between SBMC and Centurion. Defendants McVey & Co Investments LLC ("McVey LLC), Marty McVey

1

("McVey") and Richard Garfinkel ("Garfinkel") were not parties to the Agreement. The Agreement contained a forum selection clause designating Cook County, Illinois as the appropriate forum for disputes under the Agreement between Centurion and SBMC. The forum selection clause is the sole basis for jurisdiction over SBMC in this forum.

3. Although, Centurion is an Illinois entity, the transaction between SBMC and Centurion took place entirely in Houston, Texas. The sale of SBMC's medical equipment as contemplated by the Agreement took place at Spring Branch Medical Center in Houston, Texas where the equipment sold was located. In fact, sold items were required to be physically removed from the premises in Houston. Centurion itself also bought some of the equipment and picked it up at SBMC in Houston, Texas.

4. The money paid by Centurion both initially and after the sale was paid to SBMC in Texas. Finally, Centurion committed a tort in Texas at SBMC's facility when it failed to properly supervise, through its designated representative Derek Irvin, insure and protect SBMC in the removal of equipment from SBMC's radiology center.

5. Paragraph 2 of Plaintiff's Amended Verified Complaint alleges that SBMC is a Texas limited liability company with its principal place of business in Houston, Texas. The sole basis for exercising jurisdiction over SBMC is a forum selection clause present in the Agreement between Centurion and SBMC. In fact, all of the four Defendants named in this action are residents of Texas. Moreover, as is the subject of the Motion to Dismiss of McVey LLC, McVey and Garfinkel, there is no basis for exercising personal jurisdiction over the remaining Defendants or subjecting them to this forum.

6. Therefore, in the interests of justice and judicial economy, Defendant SBMC requests dismissal of this action pursuant to *forum non conveniens* or transfer of the case to the Southern District of Texas to avoid piecemeal, duplicative litigation in this forum.

## II.
## Argument and Authorities

### A. The Complaint should be Dismissed based on *Forum Non Conveniens*

7. The doctrine of *forum non conveniens* permits the dismissal of the claims against SBMC without prejudice to re-filing in a more convenient forum. Under the doctrine of *forum non conveniens*, a federal court can "dismiss a suit over which it would normally have jurisdiction if it best serves the convenience of the parties and the ends of justice." *In re Bridgestone/Firestone, Inc., Tires Product Liability Action,* 420 F.3d 702, 703 (7th Cir. 2005). It is proper to dismiss under this doctrine when the plaintiff's choice of forum is "oppressive and vexatious to the defendant, out of all proportion to the plaintiff's convenience." *Id.*

8. A requirement to the court's dismissing the suit as inconvenient is that an alternative forum is both available and adequate. *Kamel v. Hill-Rom Co.,* 108 F.3d 799, 802 (7th Cir. 1997). A forum is available if "all parties are amenable to process and are within the forum's jurisdiction." *Id.* at 803. An alternative forum is adequate if "the parties will not be deprived of all remedies or treated unfairly [in that venue]." *Id.*

9. Once the existence of an adequate alternative forum has been established, the court must "weigh[] various private and public interest factors." *Bridgestone/Firestone,* 420 F.3d at 704. The private interest factors include the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling... witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Id.* The public interest factors include the

administrative difficulties in handling litigation in congested courts instead of at the origin of the controversy, the burden on a community of jury duty when the community has no relation to the litigation, and the benefit of deciding "localized controversies…at home," in a venue whose law will govern the case. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508-09, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947), *superceded by statute on other grounds.*.

    10.    The convenience of the parties and the ends of justice would best be served by this Court dismissing the action on *forum non conveniens* grounds. Requiring SBMC to defend this suit in the Northern District of Illinois would be both oppressive and vexatious to a degree far outweighing any convenience to Centurion. The other three Defendants named in this action should be dismissed in favor of suit in Texas. Forcing one Defendant, SBMC to proceed in this forum will lead to piecemeal litigation generally disfavored among the district courts.

    11.    All of the allegations of wrongdoing contained in Plaintiff's Amended Verified Complaint occurred in Houston, Texas, meaning that many of the relevant witnesses (including the Defendants) are located in Houston.

    12.    An available and alternative forum is present in Houston, Texas. Defendants are amenable to process and within the jurisdiction of that court and Plaintiff will not be deprived of remedies or treated unfairly there. In fact, Plaintiff has availed itself on the protections of Texas law by previously proceeding against SBMC in the bankruptcy court and committing a tort in Texas.

    13.    Both public and private factors weigh in favor of dismissal from this Court on the basis of *forum non conveniens*. Accessing proof will be less difficult in Texas and compulsory attendance for unwilling witnesses would be more available in that forum as well. Additionally,

the alleged wrongdoing has entirely occurred in Houston, Texas and not in Illinois and the local community in Houston has a closer relation to the litigation.

14. SBMC meets all of the requirements necessary for dismissal under this doctrine. The ends of justice and the convenience of the parties and witnesses to this suit are best served by dismissal of the claims against SBMC pursuant to the doctrine of *forum non conveniens*.

**B. In the Alternative, the Case should be Transferred**

15. Even if this Court finds *forum non conveniens* to be inapplicable, SBMC then requests in the alternative that this case be transferred to the Southern District of Texas pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The interest of justice and judicial economy are best served by transferring this action to the Southern of Texas. As a general rule, "the preferred forum is that which is the center of the accused activity." *S.C. Johnson & Son Company v. Gillette Co.,* 571 F.Supp. 1185, 1187 (N.D. Ill. 1993). Accordingly, defendants move, in the alternative, to transfer this action pursuant to Section 1404(a).

16. Even if the plaintiff has chosen a court that has personal jurisdiction over defendant, subject matter jurisdiction over defendant, and venue, the court may refuse to hear the case if it determines that the court is an inappropriate forum. In assessing a motion to transfer the Court must consider the statutory factors in light of all of the circumstances of the case. The weight accorded to each factor is committed to the sound discretion of the Court. *Schwarz v. National Van Lines, Inc.,* 317 F.Supp.2d 829, 833-34 (N.D.Ill. 2004). In determining whether to transfer venue, the Court seeks to promote the efficient administration of justice along with the private interests of the parties. *Young v. First Kentucky Bancorp, Inc.,* No. 94-3172, 1994 WL

710775 *2 (N.D. Ill. Dec. 16, 1994). Among the private interests that may warrant the transfer of venue include plaintiff's initial choice of forum; the relative ease of access to sources of proof, the availability of compulsory process for the attendance of unwilling witnesses, and the cost of obtaining the attendance of witnesses. *Id.*

17.     Plaintiff's choice of forum "is simply one factor among many." *Young,* 1994 WL 710775 at *2 (citing *Club Assistance Program v. Zukerman,* 598 F.Supp. 734, 736 (N.D. Ill 1984)). Courts view the convenience of the witnesses as the most important factor in determining whether transfer is appropriate. *Mercantile Capital Partners v. Agenzia Sports, Inc.,* No. 04-5571, 2005 WL 351926 *6 (N.D. Ill. Feb. 10, 2005). Virtually all of the witnesses that would potentially testify in this case (including the Defendants) reside in Texas. In fact, only one witness, so far as SBMC can determine, Plaintiff's principal, Erik Tivin, resides in Illinois. Not even Plaintiff's retained representative on site during the sale and delivery of the equipment to purchasers, Derek Irvin, resides in Illinois. He is a resident of Florida, much closer to the Southern District of Texas than this Court. The majority of the relevant documentary evidence is located in Texas. Finally, as noted, the location of the material events giving rise to this action center on Houston, Texas. None of these events took place in Illinois.

18.     In addition to the private interests of the parties, courts also consider whether the public interests of justice may warrant transfer. *Young,* 1994 WL 710775 at *3. As stated in *Young,* "the administration of justice will be served more efficiently when the action is brought before a court that is 'closer to the action.' " *Id.* (citing *Paul v. Land's End, Inc.,* 742 F.Supp. 512, 514 (N.D. Ill. 1990)). As noted throughout these papers and as is clearly evident from the complaint in this case, "the action" relevant to this suit took place in Texas, certainly not Illinois. Clearly, it is proper to transfer this case to the Southern District of Texas.

19. Finally, the remaining Defendants should be dismissed in favor of proceeding in Texas. If SBMC is required to remain in this forum, it will lead to duplicative, piecemeal litigation which requires two different courts to determine that same issues and waste judicial resources.

Defendants McVey & Co. Investments, LLC, Marty McVey and Richard Garfinkel respectfully request that this Court dismiss Defendants from this action, or in the alternative, transfer the case against these Defendants to the Southern District of Texas, and grant Defendants such other and further relief to which they may show themselves entitled.

Dated: December 27, 2012    Respectfully submitted,

SBMC HEALTHCARE, LLC

By:  */s/ Millard A. Johnson*
Millard A. Johnson (*admitted pro hac vice*)

State Bar No. 10772500
(*mjohnson@jdkglaw.com*)
Christopher L. Johnson (*admitted pro hac vice)*
SBT No. 24069999
(*cjohnson@jdkglaw.com*)
4 Houston Center
1221 Lamar, Suite 1000
Houston, Texas 77010
(713) 652-2525 (p)

John F. Kloecker
(*jkloecker@lockelord.com*)
Kevin A. Wisniewski
(*kwisniewski@lockelord.com*)
LOCKE LORD LLP
Chicago, Illinois 60606
312-443-0613 (p)

## **CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of the foregoing instrument has been served upon the following counsel for the Plaintiffs on this 27th day of December, 2012, via the Court's ECF/PACER system:

                                                     /s/ *Christopher L. Johnson*
                                                 Christopher L. Johnson